IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" CASES | Civil Action No. 1:15-cv-1218 |

### ORDER

This matter comes before the Court on Defendant Volkswagen Group of America, Inc.'s ("Volkswagen") Motion to Stay pending the Judicial Panel on Multidistrict Litigation's ("JPML") rulings on motions in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672. These motions generally seek to transfer all related cases to a single court for coordinated and consolidated proceedings. The JPML will hear these motions on December 3, 2015. Also before the Court is Volkswagen's Motion for Extension of Time to File an Answer. Identical motions to stay and motions for extension of time were filed by Volkswagen in eight different companion cases. The Court, having consolidated these and other related cases, will address the motions together.

"The pendency of a motion," before the JPML "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Judicial Panel on Multidistrict Litigation, Rule 2.1(d). However, district courts have the discretion to stay proceedings when an JPML decision is pending. *Robinson v. DePuy Orthopaedics, Inc.*, 2012 WL 831650, at * 2 (W.D.Va. March 6, 2012). A district court should consider three factors when determining whether to grant a motion to stay in these circumstances: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Fisher*

1

*v. United States*, 2013 6074076, at *4 (E.D. Va. Nov. 18, 2013) (quoting *Johnson v. DePuy Orthopaedics, Inc.*, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012).

Volkswagen urges this Court to stay all proceedings because a stay will promote judicial economy by avoiding duplicative efforts by this Court and the parties. Volkswagen insists that it will suffer undue prejudice if the stay is denied because it will bear the burden and cost of replying to duplicative actions and potentially conflicting orders in different jurisdictions all across the country.

The Court finds a complete stay is not necessary to prevent adverse rulings and is inappropriate given the allegations made in this case. These cases present circumstances that need immediate attention. The allegations in the complaints have been amplified by the Volkswagen Group of America CEO's testimony and apology to Volkswagen and Audi diesel automobile owners throughout the country—as many as 500,000 people and their families who rely on these automobiles for their livelihood. There are two very significant reasons why these cases should be resolved as soon as practicable. First, the cars at issue in this case are emitting harmful pollutants into the atmosphere at alarming levels. The plaintiffs are forced, every day, to choose between leaving their cars unused or driving cars they know will discharge unlawful levels of pollution into the environment and harm their health. Second, those cars up for inspection in their respective states are in danger of failing that inspection and being forced off the road—assuming that the E.P.A. does not order all of the vehicles off the roads until the problems are fixed because of the pollution concerns. Considering these harms, the Court strongly believes the litigation should move as far along as possible without interfering with the work the chosen district court will do if and when these cases are consolidated by the JPML. From the pleadings filed, it is clear that other courts have come to a similar conclusion. In

addition, allowing the case to proceed may even preserve judicial resources because document preservation orders can be implemented and discovery requests can commence immediately, rather than waiting for a ruling from the JPML to make any progress. The JPML has itself recognized that "stay orders by the district courts, particularly in the area of discovery, is usually undesirable." *In re Penn Cent. Sec. Litig.*, 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971). Accordingly, based on the factors outlined in *Fisher*, the Court finds there is no good cause to grant the Motion to Stay.

Accordingly, after discussion with the parties and for good cause, it is hereby ORDERED:

1. The Motion to Stay is DENIED.

2. The Motion for Extension of Time to File an Answer is GRANTED; Volkswagen need not file an answer until after the JPML has ruled on *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672.

3. William David Dolan, III, is appointed as interim lead counsel. The counsel for the plaintiffs may select additional lead counsel if they find it necessary. The plaintiffs shall notify the Court of any decision they reach with regard to additional interim lead counsel.

4. The parties shall file preservation orders with the Court on or before November 2, 2015. If the parties can agree on a preservation order they should jointly file such an order; if the parties cannot agree, each party should file separate proposed preservation orders.

5. The parties shall file a protective order on or before November 13, 2015. If the parties can agree on a protective order they should jointly file such an order; if the parties cannot agree, each party should file separate proposed protective orders with a memorandum in support thereof.

6. Volkswagen shall file a memorandum with the Court on or before October 30, 2015, addressing two specific requests that the Plaintiffs have made:

> (a) that Volkswagen be ordered to produce the documents that were provided to the House Energy and Commerce Committee; and
>
> (b) that a Document Depository be created.

The Plaintiffs shall file a responsive memorandum by November 6, 2015.

7. The parties shall exchange proposed discovery on or before November 23, 2015. The parties shall exchange objections to proposed discovery on or before December 14, 2015. Actual discovery will not be produced until further order of the Court has been issued.

8. On or before November 6, 2015, the Plaintiffs shall file with the Court a notice of the electronic discovery that they intend to request. Volkswagen shall file a response to this notice on or before December 7, 2015.

/s/
Liam O'Grady
United States District Judge

October 27, 2015
Alexandria, VA